HIRSCH et al. v. MAYER.

(Supreme Court, Appellate Division, First Department.　April 17, 1896.)

PLEADING—COUNTERCLAIM—DEMURRER.
　　In an action on a policy by the assignee, the money was paid into court, and defendant, claiming the proceeds, was substituted in place of the insurer. Defendant alleged an assignment of the policy to himself, and as a separate defense alleged that prior to the assignment to plaintiffs he had recovered a judgment against plaintiff's assignor, in an action to which plaintiffs were parties, and that this was on a bond and mortgage assigned to defendant to secure the same indebtedness for which the policy had been assigned to him. There was no allegation as to the amount of that indebtedness, or that any part of it remained unpaid after applying the proceeds from a sale of the mortgaged premises. *Held*, that the answer did not state a cause of action.

Appeal from special term, New York county.

Action by Bertha Hirsch and another against David Mayer, substituted defendant, on a policy of life insurance. From a judgment overruling a demurrer to a counterclaim set up in the answer, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Louis Wertheimer, for appellants.
B. Lewinson, for respondent.

INGRAHAM, J.　The plaintiffs demur to the fifth subdivision of the answer of the defendant upon three grounds: (1) That the matters averred therein are insufficient in law upon the face thereof; (2) that the counterclaim is not of the character specified in section 501 of the Code of Civil Procedure; and (3) that the counterclaim does not state facts sufficient to constitute a cause of action.　The allegations contained in the fifth paragraph of the answer are pleaded as a separate defense and by way of offset and counterclaim; and if the facts pleaded in this paragraph, standing by itself, are neither a defense to the action, a valid offset, nor

counterclaim, the demurrer must be sustained. The action was upon a policy of life insurance, and was originally brought against the insurance company to recover upon a policy on the life of one Jacob Hirsch, by which the company agreed to pay to Jeannette Hirsch, or her assigns, the sum of $5,000 within 90 days after notice of the death of Jacob Hirsch; the plaintiffs claiming the amount due upon the policy under an assignment by Jeannette Hirsch, executed prior to the death of Jacob Hirsch. The insurance company appeared in the action, and paid the sum due upon the policy into court, and thereupon the respondent was substituted as defendant, and a supplemental answer was served, setting up these facts, and that the defendant claimed the money so deposited. The defendant answered the complaint, and alleged (by the second paragraph of the answer) that prior to the assignment to the plaintiffs, and on June 4, 1891, the said Jeannette Hirsch and her husband, Jacob Hirsch, the assured, executed and delivered to the defendant an assignment of the policy referred to in the supplemental complaint, and that the defendant ever since has been, and now is, the owner and holder thereof. And by the fifth clause of the answer (the clause demurred to) the defendant alleges that prior to the assignment of the policy to the plaintiffs the defendant, in an action in the supreme court, in which these plaintiffs were parties, recovered a judgment against the assignor, Jeannette Hirsch, in the sum of $2,275.43, which judgment is wholly unpaid; that the said judgment was rendered in an action for the collection and enforcement of a bond and mortgage, in the sum of $4,000, made by said Jeannette Hirsch, and assigned and delivered to the defendant as security for the same indebtedness, for which the assignment referred to in paragraph 2 of the answer was made. This action, in the form which it has now assumed, is one to determine the title to this fund of $5,000, now in court, and the only question to be determined between the parties is as to the disposition of such fund.

It is impossible to determine to what the "matters set out in folio 2" of this amended answer refer. There is no folio 2 of the amended answer in the record, and the defense or counterclaim cannot be aided by this allegation. Paragraph 5 must stand by itself as a separate and independent defense or counterclaim, and as such it is clearly deficient, in that there is no statement that there was anything due from the plaintiffs' assignor to the defendant upon the loan or obligation for which the bond and mortgage and policy in question were security. The substance of the allegation is simply that a judgment was rendered in an action for the collection and enforcement of a bond and mortgage in the sum of $4,000, made by Jeannette Hirsch, and thereafter assigned and delivered to the defendant as security for the same indebtedness for which the assignment to him of this policy in question was made. There is no allegation here as to the amount of that indebtedness, as to whether any part of it remained unpaid after the amount that was realized upon the sale of the mortgaged premises was applied to this payment; and there is nothing, therefore, that would justify the court

in awarding any part of this sum to pay an amount due to the defendant.

We think, therefore, that the judgment must be reversed, and the demurrer sustained, with costs to the appellants, with leave to the defendant to amend his answer within 20 days upon payment of such costs and the costs in the court below. All concur.